**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **SUPERSEDING** |
| | ) | **INDICTMENT** |
| **v.** | ) | **CR 2:18-50** |
| | ) | |
| **MICHAEL ARTHUR NIXON** | ) | |
| | ) | |

## PLEA AGREEMENT

Defendant, **MICHAEL ARHTUR NIXON**, represented by his counsel Jason
M. Tate, and the United States of America, represented by Assistant United States
Attorneys Jennifer Kirkland and Marcela Mateo, have reached a plea agreement in
this case. The terms and conditions of that agreement are as follows.

1.    Guilty Plea

Defendant agrees to enter a plea of guilty to the lesser-included offense of
Count One of the Superseding Indictment, which charges a violation of 21 U.S.C. §
846.

2.    Elements and Factual Basis

The elements necessary to prove the lesser included offense charged in Count
One are (1) That two or more people in some way agreed to try to accomplish a shared
and unlawful plan to possess quantities of  a mixture or substance containing a
detectable amount of cocaine, a Schedule II controlled substance; and (2) That the
Defendant knew the unlawful purpose of the plan and willfully joined in it; and (3)

1

*MAH*

That the object of the unlawful plan was to possess with the intent to distribute and to distribute the cocaine.

Defendant agrees that he is, in fact, guilty of this offense.  He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Beginning on a date unknown, but as early as October 2017, up to and including October 2018, the precise dates being unknown, in Glynn County and surrounding counties, within the Southern District of Georgia, and elsewhere, the defendant did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown, to possess with intent to distribute quantities of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); all done in violation of Title 21, United States Code, Section 846.

3.    <u>Possible Sentence</u>

Defendant's guilty plea to the lesser-included offense of Count One will subject him to the following maximum possible sentence:

In this case, the defendant committed this violation after a prior conviction for a serious violent felony offense became final, (*see* Doc. 395), therefore the maximum penalties are: Imprisonment of not more than 30 years; a supervised release term of not less than 6 years, a fine of not more than $2,000,000, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment.

2

*MAH*

4.     No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.     Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.     Agreements Regarding Sentencing Guidelines

a.     Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by

3

MAN

the defendant during his cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

      b.      <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

7.     <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant, if applicable.

8.     <u>Financial Obligations and Agreements</u>

      a.      <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment

MAN

is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

      b.     Special Assessment

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

      c.     Required Financial Disclosures

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

      d.     Financial Examination

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

5

e.    No Transfer of Assets

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon her by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

f.    Material Change in Circumstances

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g.    Enforcement

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9.    Waivers

a.    Waiver of Appeal

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct

6

MAN

appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

      b.     Waiver of Collateral Attack

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

      c.     FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      d.     Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements

MAN

in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.     Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including:  the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11.     Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.


12.     21 U.S.C. Section 851 Enhancement

Defendant agrees that before pronouncement of sentence, Defendant will affirm that he has been previously convicted of a serious drug felony offense, as alleged in the 851 information filed by the government (Doc. 395). Defendant agrees that he served a term of imprisonment of more than 12 months for that serious drug

8

MAH

felony offense, and that he was released from imprisonment within 15 years of October 2017.

13.   Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines.   In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement.  Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

9

MAH

14.    Entire Agreement

        This agreement contains the entire agreement between the government and

Defendant.

                                        BOBBY L. CHRISTINE
                                        UNITED STATES ATTORNEY


_____                         Brian T. Rafferty
Date                                    Chief, Criminal Division


_____                         Jennifer Kirkland
Date                                    Assistant United States Attorney


_____                         Marcela C. Mateo
Date                                    Assistant United States Attorney

                                        10

                                                        MAN

I have read and carefully reviewed this agreement with my attorney.  I understand each provision of this agreement, and I voluntarily agree to it.  I hereby stipulate that the factual basis set out therein is true and accurate in every respect.


3/13/19
Date

_Michael Nixon Se_
Michael Arthur Nixon
Defendant


I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him.  I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.


3/18/19
Date

Jason M. Tate
Defendant's Attorney


11

MAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 218-50 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL ARTHUR NIXON | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in

conjunction with the interrogation by the Court of the defendant and the

defendant's attorney at a hearing on the defendant's motion to change his plea and

the Court finding that the plea of guilty is made freely, voluntarily and knowingly,

it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted

and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This ___ day of May, 2019.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA